STANISLAV J. CERNY V. STATE OF NEBRASKA.

FILED OCTOBER 1, 1901. No. 12,079.

1. **Failure to File Information.** Where no information or indictment is filed against a defendant, charged with the commission of a crime, during the term at which he was held to answer, his detention is unlawful and he is entitled to be discharged. *Leisenberg v. State*, 60 Nebr., 628.

2. **Filing at Subsequent Term: PLEA: MOTION IN ARREST.** But if at a subsequent term of the court an information is filed and defendant pleads not guilty, the court has power to try the issue raised; and, after verdict of conviction has been rendered, it is not error to deny a motion in arrest of judgment. *Leisenberg v. State, supra.*

ERROR from the district court for Douglas county. Tried below before BAKER, J. *Affirmed.*

*John W. Cooper,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy,* for the state.

HOLCOMB, J.

An information was filed in the district court for Douglas county against the defendant, plaintiff in error,

charging him with the crime of assault with intent to commit a rape upon the person of one Katie Vavra, a female child under the age of fifteen years. To this information the defendant entered a plea of not guilty. After a trial in which a verdict of guilty as charged was returned by the jury, the defendant filed a motion in arrest of judgment assigning as a reason therefor the following: "Because the said court had no jurisdiction and acquired no jurisdiction to try the defendant upon the alleged information filed in the said action of the State of Nebraska v. Stanislav J. Cerny at the May, 1900, term thereof, for the reason that said alleged information upon which defendant was tried was not filed during the February, 1900, term of said court as required by law, at which term of said court defendant was required by the order of the magistrate before whom the preliminary hearing was had, to appear and answer to the charge alleged in the complaint filed against him." The motion, upon consideration by the district court, was overruled, as was also a motion for a new trial, to which exceptions were duly taken, and the defendant sentenced by the court to imprisonment in the penitentiary at hard labor for the term of thirteen years.

The only question presented for review is the ruling of the trial court on the motion in arrest of judgment. It appears from the record, that the February, A. D. 1900, term of the district court for Douglas county was in session on the first day of May, on which day the term was by order of court adjourned *sine die*. It also appears that on the date mentioned the defendant had his preliminary examination, for the crime charged, before a justice of the peace of that county and, after hearing, was held to answer to the charge in the district court and ordered to enter into recognizance for his appearance thereat forthwith and in default of such recognizance that he be committed to the jail of the county until discharged by due course of law. The transcript of the proceedings had at the preliminary hearing was not filed in the district court until subsequently to the time of the adjournment of the February

Cerny v. State.

term and no information was filed by the county attorney until the following term, which convened on May 7th of that year.

Because the information was not filed during the term at which the defendant was recognized to appear and answer the charge made against him, it is argued, as is indicated in the motion in arrest of judgment, that the district court was without jurisdiction to try the accused or to render judgment on the verdict returned by the jury. This same question was presented and received consideration at our hands in the case of *Leisenberg v. State,* 60 Nebr., 628, and it was there held that the contention of the defendant was unsound. We, in reviewing that prosecution by proceedings in error, held in substance that, while the detention of an accused person after the term at which he was recognized to appear and answer the charge when no information had been filed against him was illegal and that he was entitled to be discharged from custody, nevertheless that fact would not deprive the district court of jurisdiction to try the accused when an information was filed at a subsequent term on a plea of not guilty, and that a motion in arrest of judgment upon such ground was properly denied. Careful consideration of the instructive brief of counsel for the defendant in the case at bar serves only to confirm our judgment as to the correctness of the views we expressed in the case cited, to which we adhere and which must be held decisive of the question now presented. While other matters might be considered as bearing upon the point in issue, yet, conceding as entirely correct the premises of the counsel for defendant as to the state of the record in the case at bar, the conclusions proper to be drawn therefrom are so effectually disposed of by the authority· referred to that further comment would seem to be an act of supererogation.

The judgment, for the reasons given, must be

AFFIRMED.

SULLIVAN, J., absent, not voting.